**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elsie Keim,<br><br>    Plaintiff,<br><br>v.<br><br>City of Mesa, et al.,<br><br>    Defendants. | No. CV-24-01182-PHX-SHD<br><br>**ORDER** |

Pending before the Court is Defendant the City of Mesa's ("the City") Motion to Dismiss Plaintiff Elsie Keim's Complaint for failure to state a claim.[1] (Doc. 6.) For the reasons explained below, the City's motion is **granted**.

I.  **FACTUAL BACKGROUND**

These facts are derived from the Complaint, which are assumed true for purposes of this motion to dismiss. In 2015, City Police Sergeant Jeffery Neese created a nude drawing "try[ing] to depict" Keim and two other individuals and sent it to them. (Doc. 1 ¶¶ 7–8.) Neese also harassed other female police officers and a male police officer's wife by sending them sexually harassing messages in or around 2014 through 2017. (*Id.* ¶¶ 9–21, 64–66.) In or around July or August 2018, five female officers, including Keim, reported Neese's sexual harassment to the City's human resources department ("HR"). (*Id.* ¶¶ 22, 27, 29–30.)

---

[1] Keim requested oral argument on the Motion. (Doc. 13 at 1.) It is not necessary to hear further argument and the ruling will be based solely on the papers. *See* LRCiv 7.2(f) (motions may be decided without oral argument).

In October 2018, HR issued a "Determination of Findings – Sexual Harassment Investigation" penalizing Neese for his conduct. (*Id.* ¶¶ 31–34.) But "before his punishment was carried out," another female officer, Cook, "notified [HR] of her claim against . . . Neese." (*Id.* ¶¶ 35, 55.) Neese had also sent Cook sexually harassing texts in March 2018, and Cook reported her claim later after finding out five other officers had been subject to the same harassment. (*Id.* ¶¶ 36–54.) In May 2019, HR issued a finding that Neese had sent Cook "unwelcome and offensive text messages." (*Id.* ¶ 56.) Keim believes the City then "opted to combine" the October 2018 determination with the May 2019 determination to "decide the appropriate punishment for . . . Neese's habitual sexual misconduct." (*Id.* ¶ 75.)

The City "decided to simply demote . . . Neese to a patrol officer, and allow him to work alongside his victims." (*Id.* ¶ 77.) Neese retired in December 2019. (*Id.* ¶ 118.)

Additionally, between approximately 2012 through 2019, there were other incidents of sexual harassment in the workplace conducted by City employees and domestic violence incidents committed by a City officer (unrelated to Neese). (*Id.* ¶¶ 78–91.) *See* Section IV.A.1, *infra*.

## II. PROCEDURAL HISTORY

Keim filed a discrimination charge with the EEOC on or about December 23, 2019. (Doc. 1 ¶ 4.) The EEOC issued a Notice of Right to Sue on or about February 21, 2024. (*Id.* ¶ 5.)

On May 21, 2024, Keim filed her Complaint, asserting claims under 42 U.S.C. § 1983 for Fifth Amendment Equal Protection violations (Count One), Section 1983 for Fifth Amendment Equal Protection violations under a hostile work environment theory[2]

---

[2] The second cause of action is titled "Violation of **§ 1982** Fifth Amended[sic] Equal Protection (Hostile Work Environment)." (Doc. 1 at 19 (emphasis added).) But the claim itself repeatedly cites to Section 1983 and makes no reference to Section 1982. (*See, e.g.*, *id.* ¶¶ 110 ("Defendant is a person within the meaning of 42 U.S.C. § 1983"), 111 ("Defendant and its agents were acting under color of the laws, custom and usages of the state of Arizona within the meaning of 42 U.S.C. § 1983"), 119 ("Defendant . . . violated the federally protected rights of Plaintiff in violation of 42 U.S.C. § 1983").) Therefore, this cause of action is construed as a Section 1983 claim.

(Count Two), and the Arizona Civil Rights Act ("ACRA") (Count Three).[3]  (*Id.* ¶¶ 98–128.)

On August 5, 2024, the City filed the Motion to Dismiss.  (Doc. 6.)  On September 16, 2024, Keim responded, (Doc. 13), and on October 7, 2024, the City replied, (Doc. 16).

### III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" and construed in a light most favorable to the plaintiff, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In making this determination, the Court does not accept legal conclusions as true, nor does the Court consider "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." (alteration in original) (quotation marks omitted)).  That said, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added).  A "well-pleaded complaint may proceed even if" actual proof of those facts "is improbable[] and . . . a recovery is very remote and unlikely." *Id.* at 556 (quotation marks omitted).

### IV. DISCUSSION

To start, the City argues, and Keim concedes, that Keim's ACRA claim is time-barred and therefore must be dismissed.  (Doc. 6 at 5–6; Doc. 13 at 2.)  The City also argues, and Keim concedes, that Keim is not entitled to recover punitive damages against a public entity.  (Doc. 6 at 6; Doc. 13 at 2.)  Therefore, the City's Motion to Dismiss is

---

[3]  Keim states that while she identified a Title VII claim on page two of the Complaint, (Doc. 1 at 2), she inadvertently omitted the claim itself and will "be seeking leave to amend" to assert this claim.  (Doc. 13 at 2.)  The City argues that leave to amend should be denied, because Keim's Title VII claim is time-barred.  (Doc. 16 at 7–8.)  But Keim has not moved to amend, so a Title VII claim is not properly before the Court and will not be considered.

1  granted with respect to Keim's ACRA claim and request for punitive damages.

2  The City next argues that Keim's remaining Section 1983 claims should be dismissed because they are untimely under the two-year statute of limitations period applicable to such claims. (Doc. 6 at 2–4.) Keim responds that her claims were timely filed. (Doc. 13 at 3–5.)

According to the City, the two-year statute of limitations that applies to personal injury lawsuits in Arizona also applies to Keim's Section 1983 claims. (Doc. 6 at 2.) The City contends that Keim's cause of action accrued in the fall of 2015, when Neese allegedly sent Keim the nude drawing, so Keim was required to assert her Section 1983 claims no later than the fall of 2017. (*Id.* at 3.) Instead, she commenced this lawsuit "nearly seven years after the limitations period expired," in May 2024. (*Id.* at 3.) While Keim does not directly argue that the two-year statute of limitations does not apply, she asserts that none of the City's cited authorities in support of the applicable statute of limitations are employment cases. (Doc. 13 at 3.)

The City is correct that a two-year statute of limitations applies. For Section 1983 claims, federal courts apply the statute of limitations applicable to state-law personal-injury claims in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011). "In Arizona, personal-injury claims are subject to a two-year statute of limitations, so [Keim] had two years once [her] claims accrued to file them." *See Barlow v. Arizona*, 2021 WL 2474607, at *5 (D. Ariz. 2021), *aff'd*, 2022 WL 418957 (9th Cir. 2022) (per curiam) (mem. decision).

Although the state-law statute of limitations applies to Section 1983 claims, "[f]ederal law determines when a cause of action accrues and when the statute of limitations begins to run for a § 1983 claim." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015). "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Id.*

Keim agrees that the actions giving rise to her Section 1983 claims began "as early

- 4 -

as the fall of 2015, if not earlier," (Doc. 13 at 2), when Neese allegedly sent the nude drawing to Keim, (Doc. 1 ¶¶ 7–8). This means Keim knew of her injury by the fall of 2015 at the latest, and her claims began to accrue on that date. *See Belanus*, 796 F.3d at 1025. Thus, to be timely, Keim had to file this case by the fall of 2017. She failed to do so, as she filed the Complaint almost seven years later, on May 21, 2024. (Doc. 1.)

In her opposition, Keim argues that her claims are not time barred because (1) the continuing violations doctrine applies to her hostile-work environment claim because the Complaint includes allegations within the statutory period, and (2) she was required to exhaust her administrative remedies before bringing her Section 1983 claims. (Doc. 13 at 3–5.) Each argument will be addressed in turn.

## A. Continuing Violations Doctrine

Under the continuing violations doctrine, "consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002). A hostile work environment claim is therefore not time-barred "so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Id.* at 122; *see Poole v. City of Los Angeles*, 41 F. App'x 60, 62 (9th Cir. 2002) (applying the continuing violations doctrine to a plaintiff's Section 1983 claims).

Keim argues that the continuing violations doctrine saves her hostile-work environment claim because it "details the City's systemic, long-standing custom or policy of allowing, and even promoting, sexual harassment in the workplace, creating a hostile work environment."[4] (Doc. 13 at 5.) In support of this argument, she first contends that

---

[4] Keim implies that her continuing violations doctrine argument applies to both her Section 1983 claims, as she concludes her argument by asserting that "[a]s to the first two causes of action, [the City's] motion should be denied." (Doc. 13 at 5.) But her argument is clearly about her hostile work environment claim, because this is what Keim's cited case law and arguments address. (*See id.* at 3–5.) This claim is in Count Two, as Keim does not reference a hostile work environment in Count One and titles Count Two "Hostile

- 5 -

the City disregarded Keim's complaints, opted to support Neese, and ratified Neese's wrongful conduct, causing Keim to be "uniquely impacted by the City's fostering of the perpetrator through December 2019, at the earliest," when Neese left the City. (*See id.*) The City responds that even if Neese's last day with the City in December 2019 was relied upon as the date Keim's claims accrued, Keim "was required to file her constitutional claims against the City no later than December 2021 to comply with the two-year filing deadline." (Doc. 6 at 3.)

The Complaint does not provide a clear timeline of events, but the majority of the dated allegations—Neese's nude drawing, Neese's sexual harassment of other officers and one officer's spouse, the officers' HR reports, HR's sexual harassment investigation and findings, and Neese's retirement—take place between 2014 and December 2019. (Doc. 1 ¶¶ 7–77, 118.) In fact, Keim expressly alleged that she was "forced to endure the hostile work environment fearing that she would come into contact with Neese while performing her work duties" "*until Neese retired in December 2019.*" (*Id.* ¶ 118 (emphasis added).) Therefore, the City is correct that even if Keim's claims accrued in December 2019, her hostile work environment claim would still be untimely because she did not file her Complaint by December 2021 and instead filed in May 2024. (*See* Doc. 1.) Accordingly, Keim's first continuing violations argument fails.

Keim next asserts that although Neese left the City in December 2019, the continuing violation doctrine applies because "the City, to this day, continues to maintain a hostile workplace environment by allowing systemic sexual harassment and discrimination to occur on a daily basis." (*See* Doc. 13 at 5.) She cites to paragraphs 75–97 and 114–118 of the Complaint to support this argument. (*Id.*) Paragraphs 75–77 involve the City allegedly demoting Neese to a patrol officer, which must have happened before his retirement in December 2019. (*See* Doc. 1 ¶¶ 75–77, 118.) As explained above, this is outside the statute of limitations period and therefore cannot render the claim timely under

---

Work Environment." (*See* Doc. 1 ¶¶ 98–108 (Count One), ¶¶ 109–119 (Count Two).) Therefore, this argument is construed as only applying to her hostile work environment claim in Count Two rather than her general Section 1983 claim in Count One.

the continuing violations doctrine.

Paragraphs 78–97 involve "Other Incidents," with no apparent connection to Keim or Neese, in which the City allegedly allowed sexual harassment in the workplace and did not properly discipline an employee who committed domestic violence. (*See id.* ¶¶ 78–97.) While, again, the timeline is unclear, the dates Keim provided are between 1999 and 2020. (*Id.* ¶¶ 82, 87–88, 91–92.) Accordingly, Keim still does not allege "at least one act [that] falls within the [statutory] time period." *See Morgan*, 536 U.S. at 122. Nor does she argue these other incidents should be considered a continuing violation as "part of the same unlawful employment practice" as Neese's 2015 nude drawing. *Id.*; *Porter v. California Dep't of Corrs.*, 419 F.3d 885, 893 (9th Cir. 2005) ("To determine whether all of these events constitute one unlawful employment practice, we consider whether they were sufficiently severe or pervasive, and whether the earlier and later events amounted to the same type of employment actions, occurred relatively frequently, or were perpetrated by the same managers." (citation modified)); *Guevara v. Marriott Hotel Servs., Inc.*, 2012 WL 4097721, at *6–7 (N.D. Cal. 2012) (rejecting a plaintiff's continuing violations doctrine argument when the plaintiff "failed to allege facts establishing that he was subjected to a series of harassing acts that constitute[d] one unlawful employment practice;" "for instance," the plaintiff did not argue that the alleged discriminatory statements made within the limitations period "involved the same type of acts or w[ere] perpetrated by the same managers" as the alleged discriminatory acts which occurred outside the limitations period). So her citation to paragraphs 78-97 do not help her.

Paragraphs 114–118 contain the following allegations: the City (1) "had notice of its employees' wrongful conduct and, through their failure to remedy and prevent such violations of the law, have established . . . ongoing and pervasive sexual harassment as" its custom and policy, (Doc. 1 ¶ 114); (2) "demonstrated a deliberate indifference to the risk that such activity would result in constitutional violations," (*id.* ¶ 115); (3) authorized or ratified its employees' conduct, promoted or permitted a working environment where this conduct was tolerated, and systematically violated its own sexual harassment policies, (*id.*

¶ 116); (4) took these actions with the knowledge of the City Manager and City Council and "has been deliberately indifferent to the unlawful and unconstitutional activity that occurs daily at the City," (*id.* ¶ 117); and (5) failed to take prompt and adequate remedial action, so until Neese retired in December 2019, Keim was forced to endure a hostile work environment, (*id.* ¶ 118).

Other than the December 2019 allegation that is time-barred, none of these allegations are dated. And again, Keim expressly concludes that she "was forced to endure the hostile work environment" "*until* Neese retired in December 2019," suggesting that no allegations related to her hostile work environment claim occurred after this date. (*Id.* (emphasis added).) *See McAfee v. LifeStance Health Grp. Inc.*, 2024 WL 1115831, at *6 n.9 (D. Ariz. 2024) (holding the plaintiffs to the allegations in their complaint when their briefing in opposition to a motion to dismiss contradicted the complaint's plain language). Therefore, Keim has ultimately failed to allege "at least one act [that] falls within the [statutory] time period." *Morgan*, 536 U.S. at 122; *Poole*, 41 F. App'x at 62 ("[E]ven if a continuing violation is demonstrated, the claim is still time-barred if none of the acts fall within the limitations period."). And here too, Keim fails to allege that these conclusory allegations are "part of the same unlawful employment practice" as Neese's initial nude drawing that would make the continuing violation doctrine applicable. *Morgan*, 536 U.S. at 122; *Porter*, 419 F.3d at 983.

Accordingly, the continuing violations doctrine does not apply and Keim's Section 1983 hostile work environment claim accrued by fall of 2015, when she alleges she was injured by Neese's actions. (*See* Doc. 13 at 2.) *See Danam v. Ariz. Bd. of Educ.*, 2021 WL 3511133, at *3 (D. Ariz. 2021) (holding that, "[u]ltimately," the continuing violations doctrine was inapplicable because the plaintiff did "not allege a series of related acts by Defendants, at least one of which occurred during the statute of limitations period").

### B.     Exhaustion

In her next effort to overcome the statute of limitations, Keim vaguely asserts that she "was required to first exhaust her administrative remedies," which she did prior to

bringing this action, and cites two cases without any further explanation. (Doc. 13 at 3.) The City argues that while exhaustion *is* required under Title VII, it is *not* required under Section 1983. (Doc. 16 at 4–5.) The City asserts that "[t]o the extent [Keim] contends that this exhaustion requirement tolled the filing deadline for her Section 1983 claims, she is mistaken." (*Id.* at 4.)

The Court "cannot manufacture arguments" for a party and instead "review[s] only issues which are argued specifically and distinctly." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (citation modified); *id.* at 930 (holding that "contentions [must] be accompanied by reasons"). "If an argument is not properly argued and explained, the argument is waived." *Golden Scorpio Corp. v. Steel Horse Saloon I*, 2009 WL 976598, at *2 n.3 (D. Ariz. 2009). It is unclear whether Keim seeks to argue that the statute of limitations was tolled while she exhausted her administrative remedies, and this argument will not be made on her behalf. *See Indep. Towers of Wash.*, 350 F.3d at 929. Therefore, this argument is waived. *See Golden Scorpio Corp.*, 2009 WL 976598, at *2 n.3.

Even considering her argument, however, the City is correct that Keim was not required to exhaust her administrative remedies under Section 1983, *see Steffel v. Thompson*, 415 U.S. 452, 472–73 (1974) (claims premised on Section 1983 do not require "exhaustion of state judicial or administrative remedies"), and that Keim's EEOC proceedings did not toll the statute of limitations for Keim's Section 1983 claims, *Turner v. Dep't of Educ. Haw.*, 855 F. Supp. 2d 1155, 1176 n.23 (D. Haw. 2012) (holding "Title VII['s] administrative remedy . . . does not toll the statute of limitations for other independent claims," and thus a plaintiff's EEOC proceedings did not toll the statute of limitations for his Section 1983 and 1985 claims), *aff'd sub nom. Turner v. Haw. Dep't of Educ.*, 539 F. App'x 731 (9th Cir. 2013); *Linville v. Hawaii*, 874 F. Supp. 1095, 1105 (D. Haw. 1994) (holding "the grievance Plaintiff filed with the EEOC did not toll the statute of limitations" for the plaintiff's Section 1983, Title IX, and state-law claims). Further, both cases Keim cites in support of her exhaustion argument are Title VII cases, not Section

1983 cases. (Doc. 13 at 3.) *See Vinieratos v. U.S., Dep't of Air Force Through Aldridge*, 939 F.2d 762, 767–78 (9th Cir. 1991) (Title VII requires administrative exhaustion "as a precondition to filing suit"); *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) (same).

For these reasons, Keim's Section 1983 claims are time barred and the City's Motion to Dismiss those claims is granted.

### C.  Leave to Amend

Regarding Keim's Section 1983 hostile work environment claim (Count Two), the Court is skeptical that Keim will be able to cure the deficiencies raised in this order through amendment, given that (1) she will need to allege acts occurring after May 2022 that relate to the same unlawful employment practice as Neese's initial nude drawing to prove a continuing violation, and (2) Neese retired in December 2019. (*See id.* ¶ 118.) District courts, however, "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citation omitted). Because it is not entirely clear that allegations of other facts could not cure the pleading, Keim is granted leave to amend her Section 1983 hostile work environment claim.

As for Keim's general Section 1983 claim (Count One), because it is time-barred and Keim's exhaustion argument is unavailing, leave to amend this claim is denied. *See id.*

Accordingly,

**IT IS ORDERED** that the City's Motion to Dismiss the Complaint (Doc. 6) is granted as follows:

(1)  Count One (Section 1983) is dismissed without leave to amend;

(2)  Count Two (Section 1983 hostile work environment) is dismissed with leave to amend;

(3)  Count Three (ACRA) is dismissed without leave to amend;

1       (4)    Keim's request for punitive damages is dismissed without leave to amend.

2       **IT IS FURTHER ORDERED** that Keim may have **14 days** to file a First Amended Complaint ("FAC") regarding Count Two only.  Consistent with LRCiv 15.1, Keim shall file, concurrently with any FAC, a notice of filing the amended pleading that attaches a copy of the amended pleading indicating in what ways it differs from the Complaint.

      Dated this 25th day of August, 2025.

_____
Honorable Sharad H. Desai
United States District Judge